Filed 5/20/22  In re The Joseph Schrage Revocable Trust CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re THE JOSEPH SCHRAGE REVOCABLE TRUST | B313199 (Los Angeles County Super. Ct. No.19STPB08564) |
| LEONARD SCHRAGE, Plaintiff and Respondent, v. ALEXIS TAYLOR SCHRAGE, as former trustee, Defendant and Appellant. | |

APPEAL from a judgment and order of the Superior Court of Los Angeles County, Clifford L. Klein, Brenda Penny and Robert S. Wada, Judges.  Reversed and remanded with directions.

Randall S. Waier for Defendant and Appellant.

Mitchell Silberberg & Knupp, Allan B. Cutrow, and Andrew C. Spitser for Plaintiff and Respondent.

_____

Alexis Taylor Schrage, former trustee of the Joseph Schrage Revocable Trust (Trust), appeals from a May 18, 2021 probate court judgment granting Leonard Schrage's petition under Probate Code section 850[1] for an order that the proceeds from the life insurance policies in the name of Leonard's deceased brother Joseph Schrage are subject to Leonard's claim based on a 2019 civil judgment Leonard obtained against Joseph and another brother, Michael Schrage.[2] Alexis also appeals from the probate court's order granting Leonard's ex parte application to suspend Alexis's powers as trustee and to appoint an interim successor trustee.

While this appeal was pending, on September 2, 2021 we reversed the 2019 judgment, concluding Leonard did not have standing to assert an individual cause of action against Joseph and Michael for breach of fiduciary duty. (*Schrage v. Schrage* (2021) 69 Cal.App.5th 126, 158.)

We invited the parties to submit supplemental briefs on whether Alexis's appeal is now moot. Leonard argues that although Alexis's appeal from the probate court judgment based on the 2019 judgment is moot, we should exercise our discretion

_____

[1] Further undesignated statutory references are to the Probate Code.

[2] Because the family members share the same last name, we use their first names to avoid confusion.

to consider the appeal because Leonard plans to seek leave to file an amended complaint restating his civil claim as a derivative action, and further, other potential creditors will be in a similar position.  He also contends Alexis's appeal of the order suspending her trustee powers is not moot because his petition was based in part on Alexis squandering the assets of the Trust.  Alexis argues both aspects of her appeal are moot because Leonard is no longer a creditor with respect to the Trust, and as to Leonard's claim Alexis should not be allowed to serve as trustee, he no longer has standing to assert this argument on behalf of other creditors or beneficiaries.  Alexis urges us to reverse the probate court judgment and the order suspending her trustee powers because dismissing the appeal would have the effect of affirming the judgment and order.

We agree with Alexis that her appeal is now moot.  Because dismissing her appeal would have the effect of affirming the probate court judgment, we reverse the judgment and remand for the probate court to dismiss Leonard's section 850 petition as moot.  As to the order suspending Alexis's powers as trustee and appointing an interim successor trustee, we reverse the order and remand for further proceedings regarding the appointment of an interim successor trustee (or successor trustee).

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Civil Lawsuit*

Leonard, Joseph, and Michael owned Sage Automotive Group, which in turn owned and operated multiple car dealerships.  In April 2015 Leonard filed a lawsuit against Joseph and Michael asserting claims against the brothers and

14 corporate entities in the Sage Automotive Group for involuntary dissolution of the entities and breach of fiduciary duty arising from Joseph and Michael's alleged self-dealing and mismanagement of the businesses. (*Schrage v. Schrage, supra*, 69 Cal.App.5th at p. 133.) On March 12, 2019 Leonard obtained a $31 million judgment against Joseph and Michael (2019 judgment). (*Id*. at p. 135.)

B.     *The Trust and Leonard's Section 850 Petition*

Joseph established the Trust in 2011, designating himself as the trustee. Joseph's three children—Alexis, Lili Schrage, and Pilar Schrage—are the beneficiaries of the Trust. Joseph died on May 10, 2019. Upon Joseph's death, David R. Schneider became the successor trustee. On July 24, 2019 Schneider filed a petition to probate Joseph's will, which listed the value of Joseph's estate as approximately $30,000. However, according to Leonard, the Trust received at least $9 million in life insurance proceeds as the beneficiary of several life insurance policies in Joseph's name. The trust assets, including the insurance proceeds, were distributed in equal shares to separate trusts for Alexis, Lili, and Pilar. In August 2019 Alexis, Lili, and Pilar agreed to remove Schneider as trustee and to appoint Alexis as the successor trustee.

On September 10, 2019 Leonard filed a verified petition pursuant to section 850[3] seeking an order declaring the insurance

_____

[3]     Under section 850, subdivision (a)(3)(C), an "interested person" may file a petition seeking an order "[w]here the property

4

benefits and other assets of the Trust to be subject to Leonard's claim as Joseph's creditor.

C.     *Leonard's Petitions To Prevent Alexis From Spending Trust Assets and To Suspend Alexis as Trustee and Appoint Interim Successor Trustee*

On May 18, 2020 Leonard filed a petition requesting an order barring Alexis from spending, distributing, or encumbering any assets of Joseph's estate other than for payment of routine estate administration expenses. After a hearing, the probate court granted the petition, and on October 26, 2020 the court entered an order providing the requested relief.

On February 1, 2021 Leonard filed a verified ex parte petition under sections 15642, subdivision (e), and 17206,[4] requesting the probate court suspend Alexis's powers as trustee and appoint an interim successor trustee, or in the alternative,

---

of the trust is claimed to be subject to a creditor of the settlor of the trust." Leonard also relied on section 855, which provides, "An action brought under this part may include claims, causes of action, or matters that are normally raised in a civil action to the extent that the matters are related factually to the subject matter of a petition filed under this part."

[4]     Section 15642, subdivision (e), provides for suspension of the powers of a trustee "to the extent the court deems necessary." Section 17206 provides, "The court in its discretion may make any orders and take any other action necessary or proper to dispose of the matters presented by the petition, including appointment of a temporary trustee to administer the trust in whole or in part."

5

appoint a special trustee to preserve the life insurance proceeds. Leonard alleged Alexis violated the probate court's October 26, 2020 order by using trust assets to rent a house for $14,000 per month; pay her two sisters' rent; pay for an expensive Hawaiian vacation; purchase or lease two expensive vehicles; and purchase expensive purses. Leonard argued Alexis's "suspension is warranted to protect the Trust (and Leonard, as a likely future creditor of the Trust) from *future* harm, since Alexis has proven herself incapable of resisting the temptation to spend Trust assets." (Boldface omitted.) Leonard proposed the court appoint James W. Sullivan, a licensed professional fiduciary, as the interim successor trustee or special trustee.

In her verified objections to the petition, Alexis argued Leonard lacked standing to bring the petition because section 17200, subdivision (b)(20), provides that "nothing in this paragraph shall provide standing to bring an action concerning the internal affairs of the trust to a person whose only claim to the assets of the decedent is as a creditor." Further, Alexis argued Leonard did not have standing under section 15642, because he was not the settlor, cotrustee, or beneficiary of the Trust. (See § 15642, subd. (a) ["A trustee may be removed in accordance with the trust instrument, by the court on its own motion, or on petition of a settlor, cotrustee, or beneficiary under Section 17200."].) Alexis denied the allegations she used trust assets to pay for her rent, the cars, her vacation, or her purses.

The probate court[5] granted Leonard's ex parte petition, stating in its minute order, "The powers of trustee Alexis Schrage

_____

[5]     Judge Clifford L. Klein.

6

are suspended, and James W. Sullivan is appointed as an interim successor trustee, with bond to be set at $7,440,000.  [¶]  The trustee is to provide Hankey Investment Company with 10 days notice before paying any judgments.  [¶]  Pursuant to Probate Code section 1310(b), notwithstanding an appeal of this order as to any judgment entered in this case, to prevent further injury or loss to the trust, the temporary trustee may exercise the powers as if no appeal is pending.  The directions in this order are not stayed due to any appeal of the granting of the ex parte petition. [¶]  The trustee is authorized to pay Christopher Carico, appointed as an expert pursuant to Evidence Code section 730, fees of $12,670."  The court[6] entered a final order granting the ex parte petition on April 22, 2021.

D.    *The Probate Court's Ruling and Entry of Judgment on Leonard's Section 850 Petition*

Leonard moved for summary adjudication of the first cause of action of his section 850 petition in which he argued he had standing to assert a claim to the insurance proceeds based on the 2019 judgment he obtained against Joseph.  On March 16, 2021 the probate court[7] granted Leonard's motion, reasoning there were insufficient assets in Joseph's estate to satisfy Leonard's claim, and thus, the insurance proceeds were subject to Leonard's claim as creditor of Joseph, the settlor of the Trust.  The probate court dismissed without prejudice the two remaining causes of

_____

[6]    Judge Brenda J. Penny.

[7]    Judge Klein.

7

action in Leonard's section 850 petition. On May 18, 2021 the court[8] entered judgment in favor of Leonard on his section 850 petition, stating, "All proceeds (up to the Judgment Amount[9]) of any life insurance policy in the name of Joseph Schrage for which the Trust is or was a named beneficiary (the 'Life Insurance Proceeds') are subject to the claims of Leonard Schrage as a creditor of Joseph Schrage, the Settlor of the Trust."

On May 21, 2021 Alexis timely appealed the April 22, 2021 order and May 18, 2021 judgment.[10]

## DISCUSSION

""'An appellate court will not review questions which are moot and which are only of academic importance.'"" (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1053; accord, *Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541 [""'[T]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to

_____

[8]     Judge Robert S. Wada.

[9]     The judgment amount was listed as $30,725,572.55.

[10]     Alexis appealed the April 5, 2021 order dismissing without prejudice the two remaining claims in Leonard's section 850 petition, but she does not address this portion of her appeal in her opening brief. Although Alexis appeals from the March 16, 2021 minute order granting Leonard's summary adjudication motion, we treat her appeal as an appeal from the May 18 judgment.

8

declare principles or rules of law which cannot affect the matter in issue in the case before it.""'].) ""'[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the [opposing party], an event occurs which renders it impossible for this court, if it should decide the case in favor of [defendant], to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal'" as moot." (*People v. DeLeon* (2017) 3 Cal.5th 640, 645; accord, *Parkford Owners for a Better Community v. County of Placer* (2020) 54 Cal.App.5th 714, 722.)

"Ordinarily . . . when a case becomes moot pending an appellate decision 'the court will not proceed to a formal judgment, but will dismiss the appeal.'" (*Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 134 (*Paul*); accord, *Coalition for a Sustainable Future in Yucaipa v. City of Yucaipa* (2011) 198 Cal.App.4th 939, 943 (*Yucaipa*) ["the usual disposition of a moot appeal is dismissal"].) However, because the dismissal of an appeal "'is in effect an affirmance of the judgment or order appealed from,'" in some circumstances the appropriate remedy is to reverse the judgment instead of dismissing the appeal. (*Paul*, at p. 134; see *Yucaipa*, at pp. 944-945.) Although *Paul* relied on former Code of Civil Procedure section 955, which was repealed in 1968 (Stats. 1968, ch. 385, § 1), courts have continued to hold that dismissal of an appeal as moot constitutes an affirmance of the judgment. (See *In re Jasmon O.* (1994) 8 Cal.4th 398, 413 ["Normally the involuntary dismissal of an appeal leaves the judgment intact."].)

*Paul, supra*, 62 Cal.2d 129 is instructive. There, the Supreme Court concluded the Director of Agriculture's appeal from the denial of injunctive relief and civil penalties against a

9

processing distributor of milk became moot because the distributor lost its license and became insolvent, and a new marketing regulation superseded the earlier challenged regulation. (*Id*. at pp. 131-133.) The Supreme Court reversed the judgment as moot instead of dismissing the appeal. The Supreme Court explained, "As we do not reach the merits of the appeal in the case at bench, it is appropriate to avoid thus 'impliedly' affirming a judgment which holds unconstitutional a regulation of the Director of Agriculture promulgated pursuant to the Milk Stabilization Act. Since the basis for that judgment has now disappeared we should 'dispose of the case, not merely of the appellate proceeding which brought it here.' [Citations.] That result can be achieved by reversing the judgment solely for the purpose of restoring the matter to the jurisdiction of the superior court, with directions to the court to dismiss the proceeding." (*Id*. at p. 134.)

Likewise, the Court of Appeal in *Yucaipa* concluded a qualified reversal, rather than dismissal of the appeal, was the appropriate disposition where the issues were rendered moot by subsequent events. (*Yucaipa, supra*, 198 Cal.App.4th at p. 947.) In *Yucaipa*, a citizen organization appealed the denial of its writ petition in which it challenged a city's approval of a proposed shopping center. (*Id*. at p. 941.) While the appeal was pending, the developer and the store abandoned the project because of litigation between them, and the city rescinded its approval. (*Ibid*.) The *Yucaipa* court concluded the subsequent events rendered the appeal moot and, as in *Paul*, reversal of the judgment as moot was "'appropriate to avoid . . . "impliedly" affirming a judgment which' legitimizes a project that no longer exists." (*Yucaipa*, at p. 945.) The court explained in its

10

disposition, "This reversal does not imply that the judgment was erroneous on the merits, but is solely for the purpose of returning jurisdiction over the case to the superior court by vacating the otherwise final judgment solely on the ground of mootness." (*Id.* at p. 947.)

Similar to *Paul* and *Yucaipa*, Alexis's appeal of the probate court judgment has been rendered moot by subsequent events. In his section 850 petition, Leonard alleged he was entitled to the life insurance proceeds and other trust assets because he was a creditor of Joseph, the settlor of the Trust, based on the 2019 judgment. The probate court judgment stated the life insurance proceeds "are subject to the claims of Leonard Schrage as a creditor of Joseph Schrage, the Settlor of the Trust." But due to our reversal of the 2019 judgment in *Schrage v. Schrage, supra*, 69 Cal.App.5th 126,[11] Leonard is no longer a creditor, removing the basis for the probate court judgment. His argument that the trial court may allow him to amend his complaint to allege a derivative action and obtain a new judgment is speculative. Because dismissing the appeal would impliedly affirm Leonard's

---

[11] Michael and Joseph appealed the 2019 judgment on the basis that Leonard lacked standing to assert his cause of action for breach of fiduciary duty because the cause of action was based on injury to the Sage Automotive Group, not to Leonard, and therefore the action should have been brought as a derivative action. (*Schrage v. Schrage, supra*, 69 Cal.App.5th at p. 148.) On September 2, 2021 we issued our decision and reversed the judgment for lack of standing. (*Id.* at pp. 158.) The remittitur was issued and filed in the superior court on January 11, 2022, and the decision is now final.

right to a claim against the life insurance proceeds, which issue we have not addressed on the merits, we reverse the probate court judgment and direct the probate court to dismiss Leonard's section 850 petition as moot.

Likewise, the April 22, 2021 order, which suspended Alexis's trustee powers and appointed an interim successor trustee, has been rendered moot by our reversal of the 2019 judgment. In his ex parte petition Leonard sought to protect his claim to the life insurance proceeds by seeking the suspension of Alexis's trustee powers to prevent her from squandering the assets of the Trust. But Leonard no longer has standing to challenge whether Alexis should continue to serve as trustee because he no longer has a claim to the trust assets as a creditor of the settlor of the Trust. (See § 48, subd. (a)(1) [defining an "'interested person'" to include "[a]n heir, devisee, child, spouse, creditor, beneficiary, and any other person having a property right in or claim against a trust estate or the estate of a decedent which may be affected by the proceeding."].) We therefore conditionally reverse the April 22, 2021 order to avoid impliedly affirming the order suspending Alexis's powers as trustee.

However, we note that under section 15642, subdivision (a), the probate court may remove or suspend a trustee on its own motion. (*Blech v. Blech* (2019) 38 Cal.App.5th 941, 955 [probate court may remove a trustee or suspend a trustee's power "based on a trustee's misconduct"]; *Schwartz v. Labow* (2008) 164 Cal.App.4th 417, 427 ["[a]mong the remedies in the probate court's arsenal is the express power to remove a trustee on its own motion"].) Because multiple bases were raised for the suspension of Alexis's trustee powers and appointment of an interim successor trustee, and it appears there may be other

12

creditors of Joseph, we remand for the probate court to determine whether Alexis's powers as trustee should be restored and the order appointing an interim successor trustee be rescinded.

## DISPOSITION

We reverse the probate court judgment and remand for the probate court to dismiss Leonard Schrage's section 850 petition as moot.  We reverse the April 22, 2021 order as moot and remand for further proceedings on the appointment of an interim successor trustee (or successor trustee).  The parties are to bear their own costs.

FEUER, J.

We concur:

PERLUSS, P. J.

WISE, J.*

_____

\*      Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.